### Bankers Bond Co. et al. v. Bergen.

May 9, 1939.

STITES & STITES and NORRIS McPHERSON for appellants.
GUTHRIE F. CROWE for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellee, J. M. Bergen, purchased bonds from time to time, beginning in 1928, from the appellant, Bankers Bond Company, a dealer in securities. Among the bonds purchased by him were two $1,000 Rockhill Manor Apartment bonds bearing 6 per cent. interest and maturing February 15, 1937. These bonds were guaranteed both as to principal and interest by the Metropolitan Casualty Company. At the solicitation of representatives of the Bankers Bond Company, the appellee, as he claims, exchanged these bonds on November 10, 1931, for two $500 Hathaway Apartments first mortgage 6 per cent. serial gold bonds maturing September 15, 1938, and one $1,000 Chicago Arms Apartment first mortgage 6 per cent. serial gold bond maturing May 15, 1938. These bonds were insured as to principal and interest by the Federal Surety Company and the New Jersey Fidelity & Plate Glass Insurance Company. Neither the interest on nor any part of the principal of these bonds has been paid to appellee since he acquired them. On February 4, 1933, he brought this action against the Bankers Bond Company and Arthur Sedley, its president to recover the two $1,000 Rockhill Manor Apartment bonds, together with all interest accrued or collected on same, or, if this could not be done, to recover the sum of $2,000 with interest thereon from August 2, 1931. He tendered to the defendants the three bonds which he received in exchange for the two bonds he sought to recover. He charged in his petition that he was induced to make the exchange by reason of certain fraudulent representations made by appellants upon which he relied. Separate answers were filed by the defendants traversing the averments of the petition. On final hearing the chancellor adjudged that the agreement entered into on November 10, 1931, between the plaintiff and the Bankers Bond Company for the exchange of the bonds was void, and it was rescinded It had been stipulated by the parties that if the chancellor should find that the plaintiff was entitled to have his trade with the defendant Bankers Bond Company set

aside the judgment should be that the Bankers Bond Company would pay to plaintiff a sum of money equal to 475/1000 of the face value of the bonds traded to the defendant, with interest from date of trade, and a judgment was entered in accordance with the stipulation.

It was alleged in the petition and testified to by the appellee that he had owned the two $1,000 Rockhill Manor Apartment bonds for several years; that the interest had been paid promptly and that he was satisfied with the investment. In November, 1931, Mr. Wiltsie Guthrie, a representative of the Bankers Bond Company, came to his place of business in La Grange, Kentucky, and advised him to exchange the two $1,000 Rockhill Manor Apartment bonds for other bonds which were "doubly insured." Guthrie stated to him that the Rockhill Manor Apartment bonds were "weak bonds" and were guaranteed as to principal and interest by only one insurance company, while the bonds he advised appellee to take in exchange were guaranteed as to principal and interest by two insurance companies. At Guthrie's solicitation appellee went to Louisville on November 10, 1931, procured his bonds from his lock box in a Louisville Bank, and met Guthrie and appellant, Arthur Sedley, president of the Bankers Bond Company, at the company's office. There the agents of the company again represented to him that the bonds which they proposed to exchange for the bonds held by him were insured by two insurance companies. Appellee agreed to the trade and the exchange was consummated. He paid to the Bankers Bond Company the sum of $10 which was the difference in the accumulation of interest on the bonds. The Federal Surety Company, one of the guarantors of the bonds received by appellee, had been in the hands of a receiver since September 14, 1931, and had been in financial difficulties for several years preceding the receivership. This fact was unknown to appellee, but was known to the Bankers Bond Company. The New Jersey Fidelity & Plate Glass Insurance Company, the other guarantor of the bonds, went into liquidation soon after the exchange was made. The appellee testified that he had no means of determining the truth or falsity of the representations made to him, and that he relied on the statements made to him by the representatives of the Bankers Bond Company. Mr. Sedley testified that the only representations made to appellee at the time the bonds were exchanged related

to the value of the property upon which the respective mortgages securing the bonds had been executed. He stated that no representations were made relative to the better security of the bonds traded to appellee by reason of the double insurance feature. He was under the impression that appellee knew of the insolvency of the Federal Insurance Company, one of the guarantors.

This case cannot be distinguished on the facts from Bankers Bond Company v. Cox, 263 Ky. 481, 92 S. W. (2d) 790, where an exchange of securities was set aside for fraud on similar representations. Appellants argue that appellee's failure to introduce Mr. Wiltsie Guthrie as a witness leads to the conclusion that if he had been introduced he would not have substantiated appellee's statements as to what occurred at the conference on the day the exchange was made. It is insisted that appellants could not have been expected to present Mr. Guthrie as a witness, since he had been a hostile witness in the Cox case. Mr. Guthrie, at the time the transaction took place, was the agent of the Bankers Bond Company, and certainly it was not incumbent upon appellee to produce him as a witness. There is little testimony bearing on the representations which appellee claims were made to him except the testimony of appellee and Mr. Sedley. The latter's testimony concerning appellee's knowledge of the insolvency of the Federal Surety Company and concerning the statements in regard to the advisability of exchanging bonds guaranteed as to principal and interest by one insurance company for bonds guaranteed by two insurance companies is not convincing, and, in view of the decision in Bankers Bond Company v. Cox, supra, on similar facts, the chancellor properly rescinded the trade.

The judgment is affirmed.